O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

RICHARD TREVINO,                          §
                                          §
            Petitioner,                   §
VS.                                       §       CIVIL ACTION NO. L-08-58
                                          §
NATHANIEL QUARTERMAN, Director,           §
Texas Department of Criminal Justice,     §
Correctional Institutions Division,       §
                                          §
            Respondent.                   §

## ORDER

Now pending is a petition by Richard Trevino, a prisoner in the custody of the

State of Texas, for a writ of habeas corpus under 28 U.S.C. § 2254.  [Dkt. No. 1].[1]  For

the reasons stated herein, the Court **DISMISSES with prejudice** such petition as time-

barred.

## I.      INTRODUCTION

This is Trevino's third habeas corpus petition in federal court.  [*See* Civil Case

No. L-07-145, Dkt. No. 4, at 1].  It was transferred to this Court from the Western

District of Texas, Waco Division, in Civil Case Number W-08-88.  [Dkt. No. 1 at 1-2].

In the instant petition, Trevino challenges deficiencies in his criminal conviction and

sentence in Case Number K-92-319, before the 341st District Court of Webb County,

Texas ("the 1992 criminal case").  According to Trevino's petition, he was convicted on

April 20, 1993 and sentenced to a fifty-year term of imprisonment.  [*Id.* at 5].  This is a

distinct criminal case from that which gave rise to Trevino's past federal habeas petitions,

namely Case Number K-90-491, also in the 341st District Court.

---

[1] "Dkt. No." refers to entries on the Court's electronic filing system in Civil Case No. L-08-58.

Trevino filed a motion for state habeas corpus relief on April 5, 2007, in the 341st District Court.  [*See* Dkt. No. 1 at 6].  The State Court entered a written order on July 31, 2007, which extensively discussed the proceedings surrounding Trevino's conviction, and then rejected on the merits Trevino's contentions that: (1) he was denied effective assistance of counsel; (2) the state breached a binding plea bargain; and (3) he was subjected to a conflict of interest when the State's psychologist testified against him.  *Ex parte Trevino*, No. K-92-CRA-319-D3 (341st District Court of Webb County, Texas, July 31, 2007), ¶¶ 75-95 (hereinafter "HC Order").  The Court further found that "there are no previously unresolved or controverted facts material to the legality of the applicant's confinement."  *Id.* ¶ 95.  The Texas Court of Criminal Appeals denied the petition in Case Number WR-68,181-02 without written order on September 12, 2007, based upon the trial court's order.[2]

Trevino now alleges, as he did in his State petition, that he was denied effective assistance of counsel in the trial court during the 1992 criminal case.  [Dkt. No. 1 at 10].  He also claims that the State breached a plea agreement, resulting in a higher-than-bargained-for sentence.  [*Id.*].  Finally, he claims that the State's psychologist testified against him in a manner that exhibited a conflict of interest.  [*Id.* at 11].  Because such claims are time-barred, the Court will dismiss Trevino's petition with prejudice.

## II.   DISCUSSION

"Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], where a state court has rejected a petitioner's habeas claim, a federal court may grant habeas relief only where the state court decision:

---

[2] The notation is available online at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=253927.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Wallace v. Quarterman*, 516 F.3d 351, 353-54 (5th Cir. 2008) (quoting 28 U.S.C. § 2254(d)). AEDPA took effect on April 24, 1996. Habeas petitions filed in a district court after that date are governed by AEDPA. *Id.* at 353 n.3 (citing *Williams v. Cain*, 125 F.3d 269, 273-74 (5th Cir. 1997)). Because Trevino filed the instant petition on March 26, 2008, it is governed by AEDPA. A district court must conduct a preliminary review of a petition filed under § 2254, and dismiss if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 R. 4.

AEDPA sets forth a one-year statute of limitations. 28 U.S.C. § 2244(d). The statute reads:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2254(d)(1).   A state prisoner's conviction becomes final ninety days after entry of judgment, when the time to file a petition for a writ of certiorari with the Supreme Court expires.   *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).   The statute of limitations is tolled while a properly filed state habeas petition is pending.   28 U.S.C. § 2244(d)(2).   However, when a state habeas petition is first filed after the expiration of the applicable one-year limitations period has run, the statute is not tolled.   *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Trevino appealed the 1992 conviction on the basis that his plea was involuntary. HC Order ¶ 23.   The Texas appellate court affirmed such conviction in 1993.   *See id.* Therefore, for purposes of AEDPA, the criminal case became final more than one year before Trevino filed his state court habeas corpus application, on April 5, 2007.   *See Flanagan*, 154 F.3d at 197.   If the normal one-year statute of limitations applies, the petition is clearly time-barred.   *See* § 2254(d)(1)(A).   Trevino alleges no facts or authority to suggest that any other subsection of § 2254(d)(1) applies.   To the extent the allegations state a claim for a violation of constitutional rights, such rights were not first recognized and made retroactively applicable by the United States Supreme Court on or after April 5, 2006.   *Cf.* § 2254(d)(1)(C).   Trevino also does not allege that the State of Texas imposed an impediment to his filing the petition which was lifted on or after April 5, 2006.   *Cf.* § 2254(d)(1)(B).   Finally, the allegedly unconstitutional actions all took place and were discoverable at the time of conviction, and nothing in Trevino's petition shows that these remained unknown to him and undiscoverable through due diligence for nearly fifteen years.   *Cf.* § 2254(d)(1)(D).   Therefore, the petition is time-barred.

### III.     CONCLUSION AND ORDER

Petition Richard Trevino's petition for a writ of habeas corpus is time-barred. Pursuant to Rule 4 governing 28 U.S.C. § 2254, the petition is hereby **DISMISSED with prejudice**.   Should Trevino seek one, a certificate of appealability is **DENIED**.   A separate final judgment shall issue.

IT IS SO ORDERED.

SIGNED this 15th day of May, 2008.

_____
Micaela Alvarez
United States District Judge